**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 18 2015

JAMES W. McCORMACK, CLERK
By_____
                    DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**JIM BAKALEKOS, Individually and
on behalf of all others similarly situated**                    **PLAINTIFF**

**vs.**                    CASE NO. 4:15-cv-160-BRW

**SAFECO INSURANCE COMPANY
OF INDIANA**                    **DEFENDANT**

## CLASS ACTION COMPLAINT

Comes now Plaintiff Jim Bakalekos, individually and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant") states and alleges the following:

### Parties

1.     Plaintiff, Jim Bakalekos, is an individual resident of Pulaski County, Arkansas.

2.     Defendant is a foreign corporation conducting business in the State of Arkansas. Defendant can be served with process through its registered agent in the State of Arkansas: Corporation Service Company, 300 S. Spring Street, Suite 900, Little Rock, AR 72201.

### Jurisdiction and Venue

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). There are more than 100 members of the proposed Class, at least one member of the Class has state citizenship that is different than Defendant's, and the claims of the proposed Class

This case assigned to District Judge Wilson
and to Magistrate Deere

Members exceed $5,000,000 in the aggregate, exclusive of costs and interest.

4.      This Court has personal jurisdiction over Defendant.  Defendant has sufficient minimum contacts with the State of Arkansas, is authorized to conduct business in Arkansas, engages in continuous and systematic activities within the state, and has purposefully availed itself of the benefits of doing business in Arkansas.

5.      Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District. Venue is also proper pursuant to 28 U.S.C. §1391(c) because Defendant is a corporation deemed to reside in this District.

### Factual Background

6.      Plaintiff contracted with Safeco for an insurance policy providing coverage for certain losses to a dwelling and other structures owned by Plaintiff located at 7501 Cutoff Road, Jacksonville, Arkansas 72076.  At all times relevant to this action Plaintiffs' property was insured under Safeco Policy No. ZHA11530900.

7.      On or about April 25, 2011, at a time when the above-described insurance policy was in full force and effect, Mr. Bakalekos suffered a covered loss to his property.  He timely submitted a claim to Defendant requesting payment for his covered loss.

8.      Defendant subsequently confirmed that Mr. Bakalekos had sustained a covered loss to his property, and that Defendant was contractually obligated to pay Mr. Bakalekos's claim for his covered loss pursuant to the terms of his insurance policy.

9.      On or about May 14, 2011, Safeco sent an adjuster to inspect the damage to Mr.

2

Bakalekos's property.  As set forth in a written estimate and correspondence to Mr. Bakalekos, Defendant's adjuster determined that Mr. Bakalekos had suffered a covered loss in the amount of $4,597.79.  The estimate included the cost of materials and labor required to complete the repairs.  A copy of the estimate and correspondence sent to Mr. Bakalekos is attached hereto as Exhibit "A."

10.     In calculating its payment obligations to Mr. Bakalekos, Defendant subtracted from the adjuster's replacement cost value estimate the deductible provided for in the policy plus an additional $2,080.78 for depreciation.  Mr. Bakalekos then received an actual cash value ("ACV") payment of $2,017.01 on his claim.  Upon information and belief, the amount of total depreciation included amounts for depreciated labor.

### Policy Terms and Claims Settlement Practices

11.     The policy of insurance Defendant issued to Plaintiff and other members of the proposed class provided replacement cost value ("RCV") coverage for both total loss of and partial loss to covered dwellings and other structures.

12.     At all times relevant to this cause of action, in the event of a partial loss, *i.e.* a loss less than the policy limit, covered by an RCV policy, Defendant's practice has been to pay its insureds an initial payment equivalent to the ACV of the claim.  The ACV is calculated by taking the RCV and then deducting depreciation and any applicable deductible.   In order to obtain an additional payment representing the depreciation that was held back, *i.e.* the holdback, and thereby recover the full RCV of the covered loss, the insured party must repair, rebuild or replace the damaged property within a specified time frame and submit proof to Defendant that the

3

repair or replacement was timely completed. Costs that exceed the amount of the ACV payment are the responsibility of the policyholder. Under the policy, Mr. Bakalekos was not required to make repairs to his damaged property, but was nonetheless entitled to a full ACV payment.

13.     At all times relevant hereto, Defendant's methodology for calculating ACV has been to determine the cost of repairing or replacing the damaged property then deduct depreciation.

14.     In the context of insurance law, "depreciation" is defined as "[a] decline in *an asset's value* because of use, wear, obsolescence, or age." BLACK'S LAW DICTIONARY 506 (9th ed. 2009) (emphasis added). Materials used in the repair or replacement of damaged property, *e.g.* roofing shingles, diminish in value over time due to use, wear, obsolescence, and age. As such, these are assets that can be depreciated. In contrast, labor is not susceptible to aging or wear. Its value does not diminish over time. Conceptually, and practically, depreciation simply cannot be applied to labor costs.

15.     It is clear under Arkansas law that an insurer may not depreciate the cost of labor when determining the ACV of a covered claim.

16.     Arkansas law is consistent with the universally accepted premise that the basic purpose of property insurance is to provide indemnity to policy holders. To indemnify means to put the insured back in the position he or she enjoyed before the loss - no better and no worse. A policy that provides for payment of the ACV of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole but not to benefit him or her because a loss occurred. *See* APPLEMAN ON INSURANCE 2D § 3823. An RCV policy extends the

basic concept of indemnity to include coverage for repair and replacement costs that exceed the ACV of the loss.

17.     In order to recover the RCV of their covered losses, Plaintiff and other Class Members are required to pay out of pocket the difference between the cost of materials and labor necessary to repair or replace the damaged property and the depreciated ACV payment they received from Defendant.     Defendant's failure to pay the full cost of the labor necessary to repair or replace Plaintiff's and the other Class Members' damaged property in the ACV payment left Plaintiff and the other Class Members under-indemnified and underpaid for their losses.

18.     Upon information and belief, Defendant materially breached its duty to indemnify Plaintiff and other Class Members by depreciating labor costs associated with repairs to their property in the ACV payments, thereby paying Plaintiff and other Class Members less than what they were entitled to receive under the terms of their insurance contracts.

### Class Action Allegations

19.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated.  This action satisfies the FRCP 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirements of predominance and superiority.

20.     The proposed Class which Plaintiff seeks to represent is defined as follows:

All persons and entities that received "actual cash value" payments, directly or indirectly, from Safeco for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred on or

after March 18, 2010, where the cost of labor was depreciated.  Excluded from the Class are:  (1) all persons and entities that received payment from Safeco in the full amount of insurance shown on the declarations page; (2) Safeco and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

21.    The members of the Class are so numerous that joinder of all members is impracticable.    Plaintiff reasonably believes that hundreds if not thousands of people geographically dispersed across Arkansas have been damaged by Defendant's actions.    The names and addresses of the members of the Class are identifiable through records maintained by Defendant, and Class Members may be notified of the pendency of this action by mailed, published and/or electronic notice.

22.    Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members.    The questions of law and fact common to the Class include, but are not limited to:

    A.    Whether Defendant's insurance policies allow Defendant to depreciate labor in calculating ACV payments for covered losses;

    B.    Whether Defendant's insurance policies are ambiguous concerning the depreciation of labor costs in calculating ACV payments, and if so, how Defendant's insurance policies should be interpreted;

    C.    Whether Defendant's depreciation of labor costs in making ACV payments for covered losses is a breach of the insurance contracts issued by Defendant to Plaintiff and other Class Members;

    D.    Whether Plaintiff and other Class Members have been damaged by Defendant's breaches, as alleged herein, and if so:

        1.    What is the nature and extent of those damages; and

        2.    What relief should be awarded to Plaintiffs and other Class Members; and

     E.        Whether Defendant has been unjustly enriched by retaining money that should have been paid to Plaintiff and other Class Members.

23.     Plaintiff's claims are typical of the claims of all Class Members, as they are all similarly affected by Defendant's custom and practice of unlawful and unjust conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of the claims of all Class Members because his claims arise from the same underlying facts and are based on the same factual and legal theories. Plaintiff is no different in any material respect from any other members of the Class.

24.     Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Plaintiff's interests do not conflict with the interests of the Class he seeks to represent. Plaintiff has retained counsel who are competent and experienced in class action litigation, including insurance-related cases. Plaintiff and his counsel will prosecute this action vigorously.

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all Class Members in one action is impracticable and prosecuting individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most Class Members, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if Class Members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the

court system. Moreover individual litigation could result in inconsistent adjudications of common issues of law and fact.

26.     In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and Class Members. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

27.     Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

<u>**Causes of Action**</u>

**Count I - Breach of Contract**

28.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

29.     Defendant entered into policies of insurance with Plaintiff and other members of the proposed Class. These policies govern the relationship between Defendant, Plaintiff and other Class Members, as well as the manner in which claims for covered losses are handled.

30.     The insurance policies at issue were drafted by Defendant and are essentially identical in all respects material to this litigation.

31.     Plaintiff and other Class Members complied with all material provisions and fulfilled their respective duties with regard to their policies.

8

32.     The policies of insurance Defendant issued to Plaintiff and other members of the proposed Class state that in the event of a partial loss Defendant may fulfill its initial contractual obligation to an insured party by paying the ACV of the loss.   At all times relevant hereto, Defendant has made such payments based upon Defendant's calculation of the ACV for the partial loss, net of any applicable deductible.

33.     In making the ACV payment, Defendant breached its contractual duty to pay Plaintiff and other Class Members the amount owed to them by depreciating labor costs.

34.     Defendant's actions in breaching its contractual obligations to Plaintiff and other Class Members benefitted, and continue to benefit, Defendant.   Likewise, Defendant's actions damaged, and continue to damage, Plaintiff and other Class Members.

35.     Defendant's breach of its contractual obligations to Plaintiff and other Class Members benefitted, and continues to benefit, Defendant.   Likewise, Defendant's actions damaged, and continue to damage, Plaintiff and other Class Members.

36.     Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other Class Members.

37.     In light of the foregoing, Plaintiff and other Class Members are entitled to recover damages sufficient to make them whole for all amounts Defendant unlawfully withheld from their ACV payments as labor cost depreciation.

### Count II – Unjust Enrichment

38.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.  Plaintiff asserts a cause of action for unjust enrichment in the alternative.

39. Defendant's conduct as described above, and as more specifically alleged in this Count, also constitutes unjust enrichment, for which Plaintiff and other Class Members are entitled to pursue equitable remedies in accordance with Arkansas law.

40. Defendant made payments to Plaintiff and other Class Members for covered losses to their property which ostensibly represented the ACV of their claims, net of deductibles. However, in calculating the ACV of such claims, Defendant wrongfully depreciated labor costs. As a result, the payments Plaintiff and other Class Members received were less than the true ACV of their claims.

41. Defendant's actions were unjust and inequitable in that they paid Plaintiff and other Class Members less than they were entitled to receive for their claims.

42. Defendant's actions were unjust and inequitable in that Defendant failed to disclose to Plaintiff and other Class Members that they were receiving less than the true ACV of their claims.

43. Defendant's actions were unjust and inequitable in that Defendant concealed from Plaintiff and other Class Members that they were receiving less than the true ACV of their claims.

44. As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving something of value it was not entitled to. More specifically, Defendant retained, and had the beneficial use of, money that Plaintiff and other Class Members were entitled to and should have received in payment of their claims.

45.     As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving money under such circumstances that, in equity and good conscience, it should not retain.

46.     In light of the foregoing, Plaintiff and other Class Members are entitled to restitution and other equitable relief.

### Jury Trial Demand

47.     Plaintiff demands a trial by jury of all issues so triable.

### Prayer for Relief

WHEREFORE, Plaintiff Jim Bakalekos, individually and on behalf of all others similarly situated, requests that the Court grant the following relief:

A.     Certify that this lawsuit may be prosecuted as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Appoint Plaintiff and Plaintiff's counsel to represent the Class;

C.     Declare that Defendant has breached its contractual obligations to the Class by depreciating labor costs;

D.     Declare that Defendant has been unjustly enriched as the result of its wrongful conduct;

E.     Award the Class damages in an amount equal to the total amount of depreciated labor costs withheld on Class Members' claims;

F.     Award the Class additional damages in the amount of twelve percent (12%) of the

depreciated labor costs recovered pursuant to Ark. Code Ann. § 23-79-208;

      G.      Award the Class prejudgment and post-judgment interest;

      H.      Enjoin Defendant from engaging in the unlawful and unjust conduct complained

of herein;

      I.      Award the Class reasonable attorneys' fees and costs; and

      J.      Afford the Class any and all additional relief to which Plaintiff and other Class

Members may prove themselves entitled.

                      Respectfully submitted,

                      JIM BAKALEKOS, individually and on behalf of all others similarly situated, PLAINTIFF

By: _____

                      Tom Thompson
                      Arkansas Bar Number 77133
                      Casey Castleberry
                      Arkansas Bar Number 2003109
                      **MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY**
                      1141 East Main Street, Suite 300
                      Post Office Box 2595
                      Batesville, Arkansas 72503-2595
                      Telephone: 870.793.3821
                      Facsimile: 870.793.3815
                      **aftomt2001@yahoo.com**
                      **caseycastleberry2003@yahoo.com**

                      Stephen Engstrom
                      Arkansas Bar Number 74047
                      **STEPHEN ENGSTROM LAW OFFICE**
                      200 River Market Avenue, Suite 600
                      Post Office Box 71
                      Little Rock, Arkansas 72203

12

Telephone:  501.375.6453
Facsimile:  501.375.5914
**stephen@engstromlaw.com**

Jason E. Roselius
Arkansas Bar Number 2009014
Oklahoma Bar Number 16721
Tanner W. Hicks
Oklahoma Bar Number 31585
**MATTINGLY & ROSELIUS, PLLC**
13182 N. MacArthur Blvd.
Oklahoma City, Oklahoma 73142
Telephone: (405) 603-2222
Facsimile:  (405) 603-2250
**jason@mroklaw.com**
**tanner@mroklaw.com**

Richard E. Norman
Texas State Bar Number 00788128
R. Martin Weber
Texas State Bar Number 00791895
**CROWLEY NORMAN, LLP**
Three Riverway, Suite 1775
Houston, Texas 77056
Telephone: 713.651.1771
Facsimile: 713.651.1775
**rnorman@crowleynorman.com**
**mweber@crowleynorman.com**

Matthew L. Mustokoff
Richard A. Russo, Jr.
**KESSLER TOPAZ MELTZER CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone:  610.667.7706
Facsimile: 610. 667.7056e
**mmustakoff@ktmc.com**
**rrusso@ktmc.com**

W. H. Taylor
Arkansas Bar Number 81154
Stevan E. Vowell
Arkansas Bar Number 75134
William B. Putman
Arkansas Bar Number 91198
Timothy J. Myers
Arkansas Bar Number92110
**TAYLOR LAW PARTNERS, LLP**
303 E. Millsap Road
Post Office Box 8310
Fayetteville, Arkansas  72703
Telephone:  479.443.5222
Facsimile:  479.443.7842
**whtaylor@taylorlawpartners.com**
**svowell@taylorlawpartners.com**
**wbputman@taylorlawpartners.com**
**tmyers@taylorlawpartners.com**

James M. Pratt, Jr.
Arkansas Bar Number 74124
**JAMES M. PRATT, JR. P.A.**
144 Washington Street, Northwest
Camden, Arkansas 71701
Telephone:  870.836.7328
Facsimile: 870.837.2405
**jamiepratt@cablelynx.com**

14



**Team One Adjusting Services, LLC**

(800) 918-3498

| | | | |
|---|---|---|---|
| Insured: | BAKALEKOS JIM | Home: | (501) 834-0357 |
| Property: | 7501 JACKSONVILLE CUTOFF RD | | |
| | JACKSONVILLE, AR 72076-3913 | | |
| Property: | 7501 JACKSONVILLE CUTOFF RD | | |
| | JACKSONVILLE, AR 72076-3913 | | |
| Home: | 7501 JACKSONVILLE CUTOFF RD | | |
| | JACKSONVILLE, AR 72076-3913 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Brad Allen | Business: | (515) 321-2134 |
| Estimator: | Brad Allen | Business: | (515) 321-2134 |
| Reference: | | Business: | (800) 332-3226 |
| Company: | Safeco Insurance Company of Indiana | | |

**Claim Number:** 22093795    **Policy Number:** ZHA11530900    **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 4/30/2011 | | |
| Date of Loss: | 4/25/2011 12:00 AM | Date Received: | 4/27/2011 |
| Date Inspected: | 5/14/2011 | Date Entered: | 4/29/2011 11:54 PM |
| Date Est. Completed: | 5/14/2011 5:35 PM | | |

| | |
|---|---|
| Price List: | ARLO5B_APR11 |
| | Restoration/Service/Remodel |
| Estimate: | BAKALEKOS_JIM |



EXHIBIT

tabbles

*A*

**Team One Adjusting Services, LLC**

(800) 918-3498

**We have prepared this estimate to assist you** in determining what is necessary to restore your property to its pre-loss condition. You can provide the estimate to your chosen contractor.

**We have issued a payment to you** in the amount of $2,017.01 for the covered restoration cost less your policy deductible of $500.00 and less depreciation amount of $2,080.78; or in other words **Actual Cash Value**. Actual Cash Value represents the value of your damaged covered property as it was just before the loss.

**We offer Replacement Cost Coverage.** To claim this, simply provide us with a copy of the final bill from the contractor or other receipts showing your total cost of repairs for covered property. Payment for this coverage is subject to the terms, conditions, and limitations of your policy, but generally it is based upon the amount you actually spend restoring or replacing the damaged covered property with like kind and quality, up to the amount of depreciation listed on our estimate.

**We are available to assist you if you decide to make repairs.** It is your choice whether or not you have repairs completed. If you choose to make repairs, you will want to carefully consider who you hire to perform the repairs. If you do not have a preferred contractor we may be able to help through our partnership with **Innovation Managed Property Network**. Benefits include:

· **Convenience** - The Innovation call center is available 24/7, 365 days per year.
· **Peace of mind** - All contractors pass background checks and are experienced, certified, licensed, insured and bonded.
· **Quality** - Innovation and their contractors are committed to customer satisfaction, and adhere to Safeco's estimating guidelines.
· **Speed** - Innovation's network is committed to contacting policyholders within one hour and the contractor of their choice will inspect their home within 48 hours.
· **Guarantees** - All work comes with a <u>three-year warranty</u>, (Roofing carries a 5 year warranty) and Safeco monitors customer satisfaction of all contractors to provide policyholders with the best choice of service providers.

Remember, the choice of contractors is always yours.

**Contact us immediately if additional damages are found or if your contractor estimate is higher than our estimate,** and we will work with you and your contractor to confirm how these factors might change our estimate. **It is important that we have the opportunity to address additions or changes to the estimate before you have those repairs completed, otherwise the policy may not provide coverage for the additional expenses.**

**Want to know more?**
*Common homeowners' claims questions-* our pamphlet may answer questions you have after your property has been inspected.

You can visit our website to view this document *http://www.safeco.com/insurance-claims/homeowners-insurance-claims*

**Contact us if you have additional questions or needs.**

*Please refer to your insurance policy for actual policy language and definitions.*



**Team One Adjusting Services, LLC**

(800) 918-3498

## BAKALEKOS_JIM

### Main Level



**Roof1**

| | |
|---|---|
| 1624.88 Surface Area | 16.25 Number of Squares |
| 168.33 Total Perimeter Length | 22.00 Total Ridge Length |
| 102.92 Total Hip Length | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 1. Remove Tear off, haul and dispose of comp. shingles - 20-25 year | 16.25 SQ | 33.52 | 544.70 | (0.00) | 544.70 |
| 2. Roofing felt - 15 lb. | 16.25 SQ | 17.51 | 284.54 | (213.41) | 71.13 |
| 3. Drip edge | 168.33 LF | 1.41 | 237.35 | (101.72) | 135.63 |
| 4. Roof vent - turbine type | 2.00 EA | 69.61 | 139.22 | (59.67) | 79.55 |
| 5. Flashing - pipe jack | 2.00 EA | 29.58 | 59.16 | (25.35) | 33.81 |
| 6. Exterior cover for ventilation duct, 5" or 6" | 2.00 EA | 41.45 | 82.90 | (49.74) | 33.16 |
| 7. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 19.33 SQ | 133.37 | 2,578.04 | (1,546.82) | 1,031.22 |

| **Totals: Roof1** | | | **3,925.91** | **1,996.71** | **1,929.20** |
|---|---|---|---|---|---|

| **Total: Main Level** | | | **3,925.91** | **1,996.71** | **1,929.20** |
|---|---|---|---|---|---|

### Back Baedroom

**Closet**                                                    **LxWxH 6' x 2' x 8'**

| | |
|---|---|
| 128.00 SF Walls | 12.00 SF Ceiling |
| 140.00 SF Walls & Ceiling | 12.00 SF Floor |
| 1.33 SY Flooring | 16.00 LF Floor Perimeter |
| 48.00 SF Long Wall | 16.00 SF Short Wall |
| 16.00 LF Ceil. Perimeter | |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| 8. Contents - move out then reset | 1.00 EA | 28.37 | 28.37 | (0.00) | 28.37 |
| 9. Drywall repair - Minimum charge tear out and replace closet ceiling | 1.00 EA | 290.00 | 290.00 | (0.00) | 290.00 |
| 10. R&R Batt insulation - 6" - R19 | 12.00 SF | 0.94 | 11.28 | (0.00) | 11.28 |
| 11. Apply anti-microbial agent | 12.00 SF | 0.15 | 1.80 | (0.00) | 1.80 |
| 12. Painting - Minimum charge | 1.00 EA | 150.00 | 150.00 | (0.00) | 150.00 |



**Team One Adjusting Services, LLC**

(800) 918-3498

CONTINUED - Closet

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Paint new drywall on the ceiling and damaged drywall wall due to installation of ceiling drywall | | | | | |
| **Totals:  Closet** | | | **481.45** | **0.00** | **481.45** |
| **Total: Back Baedroom** | | | **481.45** | **0.00** | **481.45** |
| Line Item Totals:  BAKALEKOS_JIM | | | 4,407.36 | 1,996.71 | 2,410.65 |

## Grand Total Areas:

| | | |
|---|---|---|
| 128.00  SF Walls | 12.00  SF Ceiling | 140.00  SF Walls and Ceiling |
| 12.00  SF Floor | 1.33  SY Flooring | 16.00  LF Floor Perimeter |
| 48.00  SF Long Wall | 16.00  SF Short Wall | 16.00  LF Ceil. Perimeter |
| 0.00  Floor Area | 0.00  Total Area | 0.00  Interior Wall Area |
| 0.00  Exterior Wall Area | 0.00  Exterior Perimeter of Walls | |
| 1,624.88  Surface Area | 16.25  Number of Squares | 168.33  Total Perimeter Length |
| 22.00  Total Ridge Length | 102.92  Total Hip Length | |

**Team One Adjusting Services, LLC**

(800) 918-3498

## Summary for Dwelling

| | | | | |
|---|---|---|---|---|
| Line Item Total | | | | 4,407.36 |
| Material Sales Tax | @ | 8.000% x | 1,831.23 | 146.50 |
| Cleaning Matl Tax | @ | 8.000% x | 0.24 | 0.02 |
| Subtotal | | | | 4,553.88 |
| Service Sales Tax | @ | 8.000% x | 548.92 | 43.91 |
| **Replacement Cost Value** | | | | **$4,597.79** |
| Less Depreciation | | | | (2,080.78) |
| **Actual Cash Value** | | | | **$2,517.01** |
| Less Deductible | | | | (500.00) |
| **Net Claim** | | | | **$2,017.01** |
| Total Recoverable Depreciation | | | | 2,080.78 |
| **Net Claim if Depreciation is Recovered** | | | | **$4,097.79** |

Brad Allen



**Team One Adjusting Services, LLC**

(800) 918-3498

## Recap by Room

**Estimate: BAKALEKOS_JIM**

| Area: | Main Level | | |
|---|---|---|---|
| | Roof1 | 3,925.91 | 89.08% |
| | Area Subtotal:  Main Level | 3,925.91 | 89.08% |
| Area: | Back Baedroom | | |
| | Closet | 481.45 | 10.92% |
| | Area Subtotal:  Back Baedroom | 481.45 | 10.92% |
| **Subtotal of Areas** | | 4,407.36 | 100.00% |
| **Total** | | 4,407.36 | 100.00% |

**Team One Adjusting Services, LLC**

(800) 918-3498

## Recap by Category with Depreciation

| Items | | | RCV | Deprec. | ACV |
|---|---|---|---|---|---|
| CONTENT MANIPULATION | | | 28.37 | | 28.37 |
| GENERAL DEMOLITION | | | 547.10 | | 547.10 |
| DRYWALL | | | 290.00 | | 290.00 |
| HEAT, VENT & AIR CONDITIONING | | | 82.90 | 49.74 | 33.16 |
| INSULATION | | | 8.88 | | 8.88 |
| PAINTING | | | 150.00 | | 150.00 |
| ROOFING | | | 3,298.31 | 1,946.97 | 1,351.34 |
| WATER EXTRACTION & REMEDIATION | | | 1.80 | | 1.80 |
| Subtotal | | | 4,407.36 | 1,996.71 | 2,410.65 |
| Material Sales Tax | @ | 8.000% | 146.50 | 84.07 | 62.43 |
| Cleaning Matl Tax | @ | 8.000% | 0.02 | | 0.02 |
| Service Sales Tax | @ | 8.000% | 43.91 | | 43.91 |
| Total | | | 4,597.79 | 2,080.78 | 2,517.01 |

```
CIF: PAYMENT INFO FOR:  22-093795                    02/26/2015      M5285
CICS                                           ** LASER CHECK **
AFTER HRS REL:
AUTH. LEV APP:
ISS DT    DUP PROC DT ORG PROC DT   PAYMENT TYPE    PYMT. AMOUNT  CHECK  NO.
05/17/2011 05/17/2011 09/27/2011 BLDG-LOSS          2,017.01  86-532335

PAYEE: BAKALEKOS JIM                 PURPOSE OF PAYMENT:
                                     COVERAGE A DWELLING
                                     *P4M*

                                     FROM: 05/17/2011 THRU: 05/17/2011
MSG AREA:
                              PAYEE TYPE: INSURED
MAILING ADDRESS:              AUTH. BY: N198401
7501 JACKSONVILLE CUTOFF RD
JACKSONVILLE              AR 72076-3913        TAX.I.D.NO:
ATTY FEES: CLMNT:    EMPLYR:   ATTY/ADJ:       1099 REPORTABLE:  N
WC KIND CODE:                                  MED.PAY:
WC LOSS CATG:                                  LUMP SUM PAYMENT:

             GEN: PF4/16 ACCT RESV: PF5/17  PAY/RECOV: PF6/18
CLAIMANT  PF8/20 UNPROC:   PF9/21  ADJUSTER:  PF11/23 REALTIME RESV: PF12/24
CONT:ENTER  PREV: PF10/22 HELP: PF1/13 LINE: PF7/19 SELECT FUNCT:
```